IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DON'T DISMYABILITIES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:17-CV-3026-L** |
| | § | |
| **THE CITY OF DALLAS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Don't Dismyabilities, Inc.'s ("DDMA") Motion for Temporary Restraining Order and or a Preliminary Injunction (Doc. 5), filed November 1, 2017. Having considered the pleadings, motion, response, reply, evidence, and applicable law, the court holds that DDMA's federal law claims must be dismissed because they are not ripe, and it declines to exercise supplemental jurisdiction over DDMA's pendent state law claims. Accordingly, the court **denies** DDMA's Motion for Temporary Restraining Order and or a Preliminary Injunction and **dismisses without prejudice** this action.

**I.    Background**

This is a suit seeking to enjoin the City of Dallas ("City") from engaging in construction of the Kessler Steps Canterbury/Edgefield Pathway Improvement Project ("Project"). Complaint (Doc. 1). Plaintiff is DDMA, an organization of individuals with disabilities who are mobility impaired. DDMA seeks to enjoin the City from constructing facilities that are not readily accessible to, and usable by, individuals with disabilities. Based on the pleadings and evidence presented by the parties

in connection with DDMA's request for a temporary restraining order and preliminary injunction, the relevant background facts are as follows.

The City owns an easement between Edgefield Avenue and Canterbury Court streets that is a 30-foot-wide strip of land running approximately 400 feet in length from Canterbury Court descending to Edgefield Boulevard in Dallas, Texas. The easement includes a pedestrian pathway with steps constructed in the 1920s between the two streets known as the Kessler Steps ("Kessler Steps Pathway"). At some point, the City of Dallas Risk Management Department closed the Kessler Steps Pathway because the easement became overgrown and was not maintained. In late October 2017, the City began construction on the Kessler Steps Pathway after filing a variance application with the Texas Department of Licensing and Regulation ("TDLR"). In February 2017, the TDLR responded to the application, stating that compliance with Texas Accessibility Standards could be postponed at that time. On September 27, 2017, the Dallas City Council authorized an increase in construction services with a contractor to add funding for, among other things, the Kessler Steps Project and for water and wastewater utility work. Shortly after the City began construction, DDMA filed this action, seeking a temporary restraining order and preliminary injunction to enjoin the City from engaging in construction of Kessler Steps Pathway, and alleging that the City is violating the Americans with Disabilities Act, 42 U.S.C. § 1210, *et seq.* ("ADA"); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and § 794a ("Rehabilitation Act"); and the Texas Human Resource Code, Tex. Hum. Res. Code § 120.001, *et seq.* ("THRC"). DDMA requests that the court compel the City to construct facilities in compliance with the ADA's Accessibility Guidelines and the Texas Accessibility Standards.

In response, the City argues, among other things, that DDMA's claims are premature or, in other words, not yet ripe for adjudication, and that the City lacks standing. The City also argues that DDMA has failed to establish it is entitled to the relief sought under Federal Rule of Civil Procedure 65.

Because ripeness and standing are prerequisites to the exercise of federal jurisdiction, the court considers these contentions first. *See Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 544 (5th Cir. 2008) (addressing, *inter alia,* ripeness); *Cole v. Gen. Motors Corp.,* 484 F.3d 717, 721-22 (5th Cir. 2007) (addressing standing).

## II.  The Doctrine of Ripeness

Federal courts do not "sit to decide hypothetical issues or give advisory opinion about issues to which there are not adverse parties before [them]." *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Juidice v. Vail*, 430 U.S. 327, 331 (1977). "'The basic rationale [behind the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Roark & Hardee,* 522 F.3d at 544 (alteration in original) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)). It weeds out "those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000). "The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Monk v. Huston,* 340 F.3d 279, 282 (5th Cir.2003) (internal quotation marks and citations omitted).

### III. Analysis

#### A. Federal Law Claims

By its motion, DDMA essentially asks this court to determine that its members are being harmed because the Kessler Steps Pathway, when it opens to the public on some indeterminate future date, may not have ramps or an accessible route for individuals in wheelchairs, and that its members are, therefore, being excluded from participation in, denied the benefits of, or are being subject to discrimination by the City in violation of the ADA and the Rehabilitation Act.

It is undisputed that the Kessler Steps Pathway has not yet been built and that construction only began in October 2017. The record also establishes that the Kessler Steps Pathway is closed to the public. Under these circumstances, DDMA's members cannot have been excluded from participation in, or denied benefits of services or programs or activities based on the City's actions. Further, this is a matter in which the remaining questions are not purely legal ones. Instead, further factual development is required, as DDMA's request for a temporary restraining order and preliminary injunctive relief does not take into account or consider the potential that the City may obtain variances, exceptions, or an associated accessible route. In addition, the court concludes that withholding a court decision at this time will not cause a hardship to DDMA or its members, as DDMA may always seek relief once its claims are less speculative and the factual record has been developed leaving only legal questions for the court remaining.

In sum, following a close examination of the pleadings, evidence presented, and the parties' arguments with respect to DDMA's motion for temporary restraining order and preliminary injunction, the court agrees with the City, and **concludes** that DDMA's federal claims were filed prematurely, and, therefore, are not ripe. Without a case or controversy, this court lacks subject

**Memorandum Opinion and Order- Page 4**

matter jurisdiction over DDMA's federal law claims. Accordingly, these claim are **dismissed without prejudice**.*

B. **State Law Claims**

Having dismissed without prejudice DDMA's federal law claims under the ADA and Rehabilitation Act as not yet ripe for adjudication, the court now decides whether it will exercise jurisdiction over DDMA's state law claims.

> A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).... In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction.

*Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). As this action is in its early stages of litigation, the court can think of no legal harm or prejudice to DDMA if the state law claims are handled by a state court. These claims present issues of state law that are better decided by Texas courts. In the exercise of its discretion, the court declines to consider the merits of DDMA's state law claims, and instead **dismisses without prejudice** these remaining claims. DDMA remains free to file these claims in state court. *See* 28 U.S.C. § 1367(d) (tolling state statute of limitations for at least 30 days when court dismisses claim over which it declines to exercise supplemental jurisdiction).

---

* In light of the court's determination that DDMA's claims are not ripe, it need not reach the City's argument that DDMA lacks standing, or its arguments in opposition to DDMA's motion for a temporary restraining order and injunctive relief.

It is so **ordered** this **21st day** of **November, 2017.**

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge